### HELEN E. TOWN v. LUCIUS H. ARMSTRONG.

*Negligence—Landlord and tenant—Failure to repair—Contributory negligence.*

A tenant who, with full knowledge of the dangerous condition of a stairway, which she had not used for over a year, voluntarily attempts to use it for a trivial purpose, cannot recover damages for the injuries sustained, nor will the landlord's failure to keep his promise to repair it warrant such recovery.

Error to Wayne. (Case tried before Judge Chipman, of the superior court, and bill of exceptions settled by Judge Hosmer, of the Wayne circuit court.) Argued June 19, 1889. Decided June 28, 1889.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Larned & Larned (Reuben Emery, of counsel), for appellant.*

*Cutcheon, Crane & Stellwagen, for defendant.*

MORSE, J. This is an action of trespass on the case, for

damages for injuries alleged to have been suffered by plaintiff as tenant of defendant, and through his negligence.

On the twenty-fourth day of May, 1886, the plaintiff, who was occupying with her husband a building at 138 Grand River avenue, in the city of Detroit, belonging to defendant, was in the cellar-way of the building, looking at some canned fruit. She stood on a chair, and reached up to take down a can. In doing so, she dropped the cover of a can into the cellar. She got down off the chair, and attempted to go down into the cellar after the cover, when the stairs gave way, and she fell into the cellar, breaking her ankle, and otherwise injuring herself.

Some serious questions are raised whether she could recover from the defendant in any event, considering the circumstances of her tenancy, but under our view of the case it is not necessary to examine them.

At the close of the testimony, the judge of the superior court of Detroit very properly, as we think, directed a verdict for the defendant.

The plaintiff, from her own showing, was negligent, and grossly so, and cannot therefore recover. She had lived in this building for thirteen years, and was fully acquainted with the condition of the stairway,—knew that it was " rotten and rickety,"—and had not gone down the stairway in over a year. The fact that Armstrong had promised to repair these stairs, and failed to do so, cannot aid her. Her fault was responsible for the accident as well as his, if not more so.

There can be found in the record no excuse which will justify a recovery under the circumstances of her own action. She voluntarily went into a dangerous place, fully aware of the risk she was taking, and using great care in going down the stairs, because she knew that they were unsafe. She took this risk for a can cover. She did not go down to avoid

a sudden peril, or to prevent great loss or damage. She went for a trifle.

The judgment of the superior court must be affirmed, with costs.

The other Justices concurred.