# Morgan *v.* Sheppard.

*Action Against Landlord for Damages Received on Leased Premises.*

(Decided June 18, 1908.    47 South. 147.)

1. *Landlord and Tenant; Obligation of Landlord to Repair Premies.*—In the absence of an agreement between the parties to a lease at common law, the landlord was under no obligation to keep the demised's premises in repair, and the tenant cannot reecover from the landlord the costs of the repairs made by the tenant, nor can the tenant recover from the landlord for injuries to his property or person, or the property or person of his family caused by the defective condition of the leased premises.

2. *Same; Caviat Emptor; Remedying Defect.*—The doctrine of caviat emptor applies to leases, and the landlord is under no obligation to remedy defects in the leased premises existing at the time of the lease.

3. *Same; Obligations to Third Person.*—As a general rule, the landlord is not liable for injuries to third persons during the tenancy for defects in the premises, but the landlord is liable to such persons where the premises are out of repair at the time of letting in particulars which the landlord is bound not to allow, as to such third persons; but this rule does not exist in favor of the tenant, servants, guests or others entering under the tenant's title.

[Morgan v. Sheppard.]

4. *Same; Actions; Complaint.*—In order to show a breach of duty of a landlord to his tenant, or the tenant's servants or guests, on account of defects in the premises causing injury, it must be alleged that the defects were latent or concealed and not disclosed by the landlord to the tenant at the time of the letting, else the complaint is bad on demurrer.

5. *Same.*—A promise by a landlord to repair, made during the term without consideration, imposes no liability upon the landlord; hence a complaint against the landlord by one visiting the tenant at his invitation, for injuries received while there, which alleges that the landlord contracted with the tenant to make repairs before plaintiff was injured, but which does not aver a covenant to repair when the lease was made, is fatally defective.

6. *Same.*—An agreement by the landlord with a disinterested person to make repairs on leased premises is not sufficient to create liability upon the landlord; hence, injuries sustained by a person while on the premises at the invitation of the tenant cannot be recovered for under a complaint alleging that the landlord undertook to make repairs on the premises for a valuable consideration, but which fails to aver that such undertaking was made with the tenant.

7. *Same.*—The landlord is only liable for negligence in making repairs during the term of the lease, and a complaint seeking to charge the landlord for negligence in an attempt to repair the premises or remedy existing defects which does not aver when the repairs were attempted, is bad, since under the complaint, recovery could be had for repairs attempted before the letting.

8. *Pleading; Demurrers; Grounds Stated.*—Demurrers interposed to a complaint which do not take the point in which the complaint is demurrable, should not be sustained, although in other particulars the complaint was bad. (Section 3303, Code 1896.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN,

Action for Sallie S. Morgan against Frank G. Sheppard for injuries received on leased premises owned by defendant. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The substance of the counts discussed in the opinion are sufficiently set out therein, except the fifth count, which is as follows: "Plaintiff claims of defendant $10,000 as damages, for that heretofore, to wit, on the 11th day of December, 1903, defendant owned a certain house and steps connected therewith, to wit, 1038 North Nineteenth street, which house and steps defendant shortly theretofore had leased or let to Mrs. E. P. Bas-

singer, for use and occupancy by her and such persons as she should lawfully thereto invite, and defendant received rent therefor; that said steps became and were in a weak and decayed condition, and thereby highly dangerous to the life or limb of persons using them, and before the injuries hereinafter mentioned were received actually, by himself or his servants or agents, engaged in or about repairing said steps, and so negligently, by himself or agent, conducted himself in and about making such repairs that said steps were on said 11th day of December, 1903, weak and insecure and unsafe for use, and as a proximate consequence thereof said step or steps broke or gave way with plaintiff, while she, by invitation of said Mrs. Bassinger, was rightfully and lawfully using same on said day, during the time that said Mrs. Bassinger was occupying said premises as tenant of defendant under said leasing or letting, and as a proximate consequence thereof plaintiff suffered the injuries complained of."

The following demurrers were interposed to this count: "It shows no duty on the part of defendant to the plaintiff to put or keep the steps in repair or in a safe condition. (2) No privity of contract is shown between plaintiff and defendant in respect of the contract alleged in the count to have been made by defendant with his lessee, Mrs. Bassinger. (3) The plaintiff being on the premises under the lessee, the defendant owed her no duty to repair, and no facts are averred showing such duty. (4) The plaintiff, as a matter of law, upon the facts alleged in the count, is not entitled to the benefit of the agreement alleged to have been made by the defendant with Mrs. Bassinger, and no facts are alleged showing any independent duty on the defendant's part to the plaintiff in respect to the condition of such steps."

[Morgan v. Sheppard.]

BOWMAN, HARSH & BEDDOW, for appellant. The court erred in sustaining demurrer to the 1st count.— *L. & N. R. R. Co. v. Marbury*, 125 Ala. 237. The 2nd count was proof against demurrer.—*Denson v. Saurez*, 43 Barb. 408; *Payne v. Rodgers*, 2 H. Dla. 350; *Milford v. Holbrook*, 9 Allen. 717; *Durant v. Palmer*, 5 Dutch. 544; 1 Thompson on Neg. sec. 1157. The 3rd count was a good count.—1 Taylor Landl. & Ten. (9th Ed.) sec. 175; 1 Thomp. on Neg. sec. 1158. The other counts were good as against demurrer.

CABANISS & BOWIE, for appellee. "In the absence of covenant on the part of the landlord to repair, no active duty is imposed on him to disclose apparent defects which are equally within the knowledge of the tenant, or which the latter might ascertain by due diligence, the rule of *caveat emptor* applying in such cases with full force; and in such cases the landlord is not liable for subsequent injuries resulting from such defects."—24 Cyc. 1114, and authorities there cited; *Bullock v. Coleman*, 136 Ala. 610; *Burks v. Bragg*, 89 Ala. 204; *Towne v. Thompson*, 46 L. R. A. 748; authorities cited in Note 50 in 24 Cyc. *supra.*

"The general rule is that a sub-tenant, guest, or servant of the tenant is regarded as so far identified with the tenant that his right to recover against the landlord is the same as the tenant's right would be had the accident happened to him; but he can have no greater claim against the landlord than the tenant himself would have under like circumstances."—24 Cyc. 1119.

"An action by a third party against the landlord for injuries sustained by reason of the defective condition of the rented premises cannot be maintained if based upon a contract of the lessor with the lessee to keep the premises in repair."—24 Cyc. 1119-20 and cases cited

in Note 68; *Periz v. Robaud,* 76 Texas 191; *Ploen v. Staff,* 9 Mo. App. 309; *Hamilton v. Feary,* 8 Ind App. 615; *Brown v. Toronto General Hospital,* 23 Ont. Rep. 599.

"Where it is the landlord's duty to make repairs, whether such duty arises out of contract, or is implied by law, in order to put him in default it is necessary to show actual notice of such defect, or to show that it had existed for such a length of time prior to the injury complained of as to charge him with constructive notice."—24 Cyc. 1120 and cases cited in Note 70.

ANDERSON, J.—"At common law it was the well-settled rule that, in the absence of any agreement between the parties, the landlord was under no obligation to his tenant to keep the demised premises in repair. The rule of caveat emptor applies in regard to leases, and the landlord is not even under an implied obligation to remedy defects in the demised premises existing at the time of the demise. It follows, therefore, that, in the absence of any agreement on the part of the landlord to repair, a tenant cannot recover from the landlord the cost of repairs made by him; nor can the tenant recover from the landlord for injuries to his property or person, or to the property or person of his family, caused by the defective condition of the demised premises." 18 Am. & Eng. Ency. of Law, 215; *Burks v. Bragg,* 89 Ala. 204, 7 South. 156; Taylor on Landlord and Tenant, § 175. As a general rule, the landlord is not liable for injuries to third persons during the tenancy for defects in the premises; and where the landlord has created no nuisance, and is guilty of no willful wrong, or fraud, or culpable negligence, he incurs no liability for any injury suffered by any person occupying or going upon the premises during the term of the

demise, at the invitation or license of the tenant, such as members of the family, employes, guests, or customers of the tenant. When, however, the premises are out of repair at the time of letting, in particulars which the landlord is bound as regards third persons not to allow, the landlord is liable for injuries sustained by a third person from such want of repair. The reason for the rule seems to be that in such a case the dangerous condition of the premises constitutes a nuisance, and the liability of the landlord results from his leasing premises upon which a nuisance exists.—18 Am. & Eng. Ency. Law, 238, 239; *Dalay v. Savage,* 145 Mass. 38, 12 N. E. 841, 1 Am. St. Rep. 429; *Timlin v. Standard Oil Co.,* 126 N. Y. 514, 27 N. E. 786, 22 Am. St. Rep. 845; *Benson v. Suarez,* 43 Barb. (N. Y.) 408; McAdam on Landlord and Tenant, vol. 2, p. 1208, § 374.

The rule, however, of the liability of the landlord for renting premises in such a dangerous condition as to constitute a nuisance, does not exist in favor of the tenant, his servants, guests, or others entering under his title.—Thomp. on Neg. vol. 1, § 1133; 24 Cyc. 1114; *Marshall v. Heard,* 59 Tex. 266; *Hinds v. Wilcox,* 96 Tenn. 148, 33 S. W. W. 914, 34 L. R. A. 824, 54 Am. St. Rep. 823; *Wilson v. Treadwell,* 81 Cal. 58, 22 Pac. 304; *McKenzie v. Cheetham,* 83 Me. 543, 22 Atl. 469; *O'Brien v. Capwell,* 59 Barb. (N. Y.) 497. As to them, in the absence of covenant to repair, he is only liable for injuries resulting from latent defects, known to him at the time of the leasing, and which he conceals from the tenant.— 24 Cyc. 1114, and cases cited in note 50; Thomp. on Neg. §§ 1130, 1131. If the defect is obvious at the time of the letting, the tenant takes the possession of premises as he found them, and the landlord would not be liable for injuries resulting from said obvious defects to the tenant, his family, servants or guests.—*Sunasach v. Mo-*

*rey,* 196 Ill. 570, 63 N. E. 1039; 18 Am. & Eng. Ency. of Law (2d Ed.) p. 224; 2 Wood on Landlord & Tenant. § 381; *Anderson v. Hayes,* 101 Wis. 538, 77 N. W. 891, 70 Am. St. Rep. 930; *Coke v. Gutkese,* 80 Ky. 598, 44 Am. Rep. 499; *Kern v. Myll,* 80 Mich. 525, 45 N. W. 587, 8 L. R. A. 682. In order, therefore, for the complaint to show a breach of duty on the part of the landlord to a tenant, or his servants or guests, the defects causing the injury must have been latent or concealed, and not disclosed by the landlord to the tenant. The third count of the complaint in the case at bar does not aver that the defect was latent and not obvious to the tenant or that the tenant did not know of same. It might be that, if the defect was latent, though known to the tenant, the landlord would not be liable, and that knowledge of said defect, under our system of pleading, would be defensive matter, and the complaint would not have to negative same. But, conceding that such is the case, the complaint shows no breach of duty when it fails to aver that the defect was latent, and not obvious, notwithstanding it was known to the defendant at the time of the letting. The trial court did not err in sustaining the demurrer to the third count.

The gravamen of the fourth count of the complaint appears to be negligent failure to repair the steps, which the "defendant before the injuries hereinafter mentioned were received," contracted with the tenant to make. The complaint does not aver a covenant to repair or keep the premises in repair when the lease was made. It is, therefore, needless for us to decide whether the landlord would be liable to a third person for injuries sustained by a defect he covenanted to repair, and did not repair, since there is no averment that the agreement was a part of the contract; non constat it was afterwards without consideration and nudum pactum. "If

during the term, or after the execution of the lease, which is silent as to the landlord's duty to repair, the landlord, without consideration, promises to make repairs, such promise imposes no obligation or liability." —18 Am. & Eng. Ency. Law 227; *Purcell v. English,* 86 Ind. 34, 44 Am. Rep. 255; *Eblin v. Miller,* 78 Ky. 371; *Gregor v. Cady,* 82 Me. 131, 19 Atl. 108, 17 Am. St. Rep. 466; *Gill v. Middleton,* 105 Mass. 477, 7 Am. Rep. 548; *Town v. Armstrong,* 75 Mich. 580, 42 N. W. 983; *Clyne v. Helmes,* 61 N. J. Law, 358, 39 Atl. 767. It is true the fourth count was amended by averring that the defendant undertook to make the repairs for a valuable consideration; but the amendment also struck out "with Mrs. Bassinger." An agreement with some disinterested third person to repair would not suffice. The trial court did not err in sustaining the demurrer to count 4, either before or after amendment.

Count 5 attempts to charge a cause of action growing out of the negligence of the landlord in an attempt to repair the premises or remedy existing defects, but does not aver when the repairs were attempted; non constat it may have been before the letting. The landlord is only liable for negligence in making repairs during the terms of the lease.—Thomp. on Neg. § 1156, subd. 4. But this proposition, while argued by counsel for appellee, is not presented by any of the demurrers, and which should not have been sustained. Section 3303 of the Code of 1896. The demurrers filed to the fourth count were also interposed to the fifth count; but said last count was not subject to any of the infirmities pointed out in said demurrers, as they were either inapt or general. The trial court erred in sustaining the demurrers to the fifth count.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.