195 So. 259
**GLOVER v. BIRMINGHAM TRUST & SAVINGS CO.**
8 Div. 983.

Supreme Court of Alabama.
March 14, 1940.

Rehearing Denied April 11, 1940.

———◆———

J. N. Powell, of Hartselle, and Newton B. Powell, of Decatur, for appellant.

424

Smyer, Smyer & Bainbridge, of Birmingham, and J. G. Rankin and Thos. S. Woodroof, both of Athens, for appellee.

THOMAS, Justice.

The appeal is on non-suit and judgment. Code, § 6431. Epperson v. First National Bank of Reform, 209 Ala. 12, 95 So. 343.

A bill of exceptions is not necessary. Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 279, 63 So. 567.

As to the tenant, his guests, servants or others entering under his title, the landlord, in the absence of a covenant to repair, is liable only for injuries resulting from a latent defect known to him at the time of the leasing, and which he conceals from the tenant. Jones v. Tennessee Land Co., 234 Ala. 25, 173 So. 233; Prudential Ins. Co. v. Zeidler, 233 Ala. 328, 171 So. 634.

Under the rules that obtain, a count of the complaint is defective for failing to allege such essential element in a suit based on an action ex delicto growing out of injury received from latent defects by a tenant, servant or his guest on rented premises.

Appellant amended counts 2 and 3 of the complaint by striking therefrom the words "the defendant knew that said defect existed at the time of the letting." No such allegation was contained in count 1.

The sufficiency of the several counts was challenged by demurrer raising this proposition of law. It follows that appellant did not state a cause of action in any one of the counts, and the court properly sustained demurrer thereto.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.