3 So.2d 415
**GREEN v. JEFFERSON COUNTY BUILD-
ING & LOAN ASS'N.**

6 Div. 782.

Supreme Court of Alabama.

May 22, 1941.

Rehearing Denied June 30, 1941.

550

Gordon Abele and J. L. Drennen, both of Birmingham, for appellant.

W. H. Woolverton, Carl G. Moebes, and Mead & Moebes, all of Birmingham, for appellee.

**THOMAS, Justice.**

■ The appeal presents for review the action of the court in sustaining demurrers to Counts B to H, inclusive. The rules that obtain and protect a tenant in his possession of rented premises and his invitee thereon are well understood and need not be repeated here. However, it should be said, as to the tenant, his guests, servants or others entering under his title, the landlord, in the absence of a covenant to repair, is liable only for injuries resulting from a latent defect known to him at the time of the leasing, and which he conceals from the tenant. Jones v. Tennessee Land Co., 234 Ala. 25, 173 So. 233; Prudential Ins. Co. v. Zeidler, 233 Ala. 328, 171 So. 634; Glover v. Birmingham Trust & Savings Co., 239 Ala. 423, 195 So. 259.

■ And as a corollary thereof, it is declared in Bains v. Dank, 199 Ala. 250, 252, 74 So. 341, 342, that: "The above-mentioned rule is therefore applicable here, and the landlord was under no obligation to make the repairs. Notwithstanding this, however, if he voluntarily, at the tenant's request, undertakes to make the repairs, he is liable for any injuries which may result to the latter from the negligent manner in which the work is done. 24 Cyc. 116; 1 Tiffany, Landlord & Tenant, p. 608."

See also Macke v. Sutterer, 224 Ala. 681, 683, 141 So. 651; Arlington Realty Co. v. Lawson, 228 Ala. 214, 153 So. 425; Prudential Life Ins. Co. v. Zeidler, 233 Ala. 328, 331, 171 So. 634; Preston v. La Salle Apts., Inc., ante, p. 540, 3 So.2d 411.

Such are the rules by which the rulings on demurrer to the several counts of the complaint are to be tested under the lease-sales contract that is exhibited to the several counts and that supports said counts. Grimsley v. First Ave. Coal & L. Co., 217 Ala. 159, 115 So. 90.

■ Though the several counts of the complaint show that the lease-sales contract contained no provisions, covenants or agreements to repair, yet the several counts specifically aver that the defendant and his agents, having authority in the premises, knew of the defective condition of the premises causing the injury, and entered upon the service of repairing the same, and so negligently made such repairs that the member of the plaintiff's family or invitee was injured as a proximate cause of the negligent performance of duty of repair, thus alleged to have been undertaken by the owner. Jones v. Tennessee Land Co., 234 Ala. 25, 173 So. 233.

It results from the foregoing that there was error in sustaining demurrer to the several counts of the complaint and to which rulings assignments of error and argument of counsel are duly directed and challenged.

Reversed and remanded.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.

### On Rehearing.

**THOMAS, Justice.**

■ The foregoing observations are limited to Counts B, E, F and G. In Count H it is averred that the defendant on, towit, September 10, 1939, acting by and through its servants, agents or employees, who at the time and on the occasion were acting within the line and scope of their employment, in compliance with the terms of that certain contract, which was in writing, entered into and existing by and between the defendant Jefferson County Bldg. and Loan Association and the plaintiff's husband, William Green, copy of which contract is thereto annexed and marked as Exhibit B and is to be considered a part of this count, undertook to repair said porch in replacing the banister which, prior to the execution of the said attempted repairs was safe and secure, which they removed to replace the rotten sills, so negligently conducted themselves in replacing said banister that it became and was weak and insecure and unsafe for use and as a proximate consequence thereof the "said banister broke or gave way with the plaintiff while

she was rightfully and lawfully using the same on said day, and as a proximate result thereof plaintiff was precipitated from the porch to the ground, that is, she was caused to fall, and she suffered the injuries and damages complained of, * * *."

Where the defendant having covenanted to repair as indicated, the same must be done in a due and workmanlike manner that will not render the so repaired premises unsafe for the occupant thereof, his family or invitees. The demurrer was not well assigned to this count.

Application for rehearing overruled.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.