93 So.2d 490

### Paul UHLIG
### v.
### Mrs. A. E. MOORE and Edgar P. Hogan.
### 6 Div. 46.

Supreme Court of Alabama.

March 14, 1957.

E. David Haigler, Frank L. Parsons and J. Robt. Huie, Birmingham, for appellant.

Sadler & Sadler, Birmingham, for appellee Hogan.

648

MERRILL, Justice.

This appeal is from a judgment of nonsuit, requested by appellant when the trial court sustained demurrers to appellant's Count Two, as amended, the only count then remaining on which appellant relied.

Count Two claimed damages from Edgar P. Hogan, as owner and Mrs. A. E. Moore, as lessee of a large dwelling house which Mrs. Moore was using as a rooming house, for injuries received by appellant when he went to visit one Baird, who had rented a room from Mrs. Moore. Two pertinent paragraphs of the count are as follows:

"And plaintiff avers, on to-wit, the 6th day of July, 1954 plaintiff entered the said dwelling and rooming house, maintained as aforesaid, for the purpose of visiting a person, by the name of Baird, who was a friend of the plaintiff and who had rented a room from the defendant, Mrs. A. E. Moore, in said dwelling and rooming house, the purpose of plaintiff's said visit being to check on plaintiff's ride to work the next day, with the said Baird, the plaintiff having been riding to and from work for a long period of time with the said Baird, prior to July 6, 1954, and while plaintiff was walking down a flight of steps, in the night time, on said premises, at a point provided for use for people entering and leaving said dwelling and rooming house, plaintiff was caused to lose his balance and footing throwing him off balance and causing him to fall and as a proximate consequence thereof plaintiff was injured and damaged as follows:

\* \* \* \* \* \*

"And plaintiff further avers that on, to-wit, the 6th day of July, 1954 and at the time of the execution of said lease of said premises by the defendant, Edgar P. Hogan, to the defendant, Mrs. A. E. Moore, as aforesaid, the defendants well knew, or in the exercise of reasonable diligence should have known that the flight of steps on said premises at the point where plaintiff was caused to fall, were not in a reasonably safe condition for the use of people coming into and leaving said premises, in that, the said flight of steps, at the point where plaintiff was caused to fall were so constructed that the tread of one of the steps, in said flight of steps, was of insufficient width as to afford secure footing thereon, to a user of said steps, and plaintiff avers that all of his said injuries and damages were caused as a proximate consequence of the negligence of the defendants in negligently failing to make and put said flight of steps at the point where plaintiff fell, in a reasonably safe condition for the use of people entering and leaving said premises."

The demurrer of appellee Hogan, the owner, contained many grounds; among them that (1) no cause of action was alleged against defendant Hogan, (2) no duty was alleged to be owed by defendant Hogan to appellant, (3) it was not alleged that the defect in the steps was latent, and (4) it affirmatively appeared that the defect was patent and was known to Mrs. Moore at the time of the letting. This demurrer was adopted by appellee Mrs. Moore, the lessee. When the demurrers were sustained, plaintiff took a nonsuit and appealed.

The sole question presented by this appeal is whether or not Count Two of the complaint states a cause of action against appellee Hogan, the owner and lessor of the premises.

■ There are two general rules concerning the liability of a landlord in cases of this type. Each is stated in our leading case on this subject, Morgan v. Sheppard, 156 Ala. 403, 47 So. 147, 148. First, the rule as to third persons generally, or strangers, is:

"* * * When, however, the premises are out of repair at the time of letting, in particulars which the landlord is bound as regards third persons not to allow, the landlord is liable for injuries sustained by a third person from such want of repair. The reason for the rule seems to be that in such a case the dangerous condition of the premises constitutes a nuisance, and the liability of the landlord results from his leasing premises upon which a nuisance exists. * * *"

■ This rule does not apply as to the tenant, his servants, guests, or others entering under his title. As to them, in the absence of a covenant to repair, or keep in repair, the landlord is only liable for injuries resulting from latent defects, known to him at the time of the leasing, and which he conceals from the tenant. Morgan v. Sheppard, supra; Green v. Jefferson County Building & Loan Ass'n, 241 Ala. 549, 3

So.2d 415; Glover v. Birmingham Trust & Savings Co., 239 Ala. 423, 195 So. 259; Jones v. Tennessee Land Co., 234 Ala. 25, 173 So. 233; Hallock v. Smith, 207 Ala. 567, 93 So. 588. This rule is applicable to a subtenant and his family, Faucett v. Provident Mutual Life Insurance Co. of Philadelphia, 244 Ala. 308, 13 So.2d 182; and the guests of a tenant or subtenant are not members of the general public, but enter the premises under the tenant's or subtenant's title, and can have no better right than that of the tenants, Hallock v. Smith, supra.

■ Under the quoted allegations of the complaint, appellant was a guest or invitee of Baird and entered the premises under Baird's or Mrs. Moore's title and not as a stranger or a member of the general public. The complaint further shows that the defect was known to Mrs. Moore at the time of the leasing, and that the alleged defect was that the tread of one of the steps "was of insufficient width as to afford secure footing thereon, to a user of said steps." These words describe a patent, not a latent, defect. It, therefore, appears that no duty was shown to be owed by the owner, Hogan, to appellant.

As was said in Morgan v. Sheppard, supra, "The third count of the complaint in the case at bar does not aver that the defect was latent and not obvious to the tenant, or that the tenant did not know of same. * * * [T]he complaint shows no breach of duty when it fails to aver that the defect was latent, and not obvious, notwithstanding it was known to the defendant at the time of the letting. The trial court did not err in sustaining the demurrer to the third count." See Glover v. Birmingham Trust & Savings Co., 239 Ala. 423, 195 So. 259(2), another case where demurrer to the complaint was sustained and a nonsuit taken with the same result obtaining as here.

Appellant cites the case of Great Atlantic & Pacific Tea Co. v. Traylor, 239 Ala. 497, 195 So. 724, in support of his contention that appellee Hogan, the owner, owed a duty

to him. In that case, as is clearly pointed out by Mr. Justice Foster, the plaintiff was a stranger to both the landlord and the tenant, a member of the general public and he was injured while on a public sidewalk, not while on any privately owned or leased premises. As already stated, here the plaintiff was on leased premises under the tenant's or subtenant's title and their guests, servants or others entering under their title were not members of the public. Hallock v. Smith, supra.

There being no cause of action alleged against defendant Hogan, no allegation of a duty owing from the owner to appellant, and no allegation of a covenant to repair, and none that a latent defect existed at the time of the leasing that was known to the owner which he concealed from the tenant, it follows that the trial court correctly sustained the demurrers to the complaint.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.