114 So.2d 453

### SOUTHERN APARTMENTS, INC.,

v.

### Mildred EMMETT.

6 Div. 395.

Supreme Court of Alabama.

Aug. 13, 1959.

Rehearing Denied Sept. 17, 1959.

586

W. J. Sullivan, Jr., and Sadler, Sadler, Sullivan & Herring, Birmingham, for appellant.

Jenkins & Cole, Birmingham, for appellee.

MERRILL, Justice.

Appellee, a tenant, sued appellant, the owner of the apartment occupied by appel-

lee, for injuries to her right hand and index finger. The count on which the case was submitted to the jury alleged that the appellant negligently performed certain repair work which it undertook to perform on a handle in appellee's bathtub, proximately resulting in appellee's injury.

Appellant's pleas were the general issue and contributory negligence. The verdict of the jury and judgment thereon was in the amount of $4,500. A motion for a new trial was overruled.

Appellant's main contention is that it was entitled to the affirmative charge either with or without hypothesis, assignments of error 1, 2, 3 and 4.

■ There was no lease in evidence, but it is undisputed that the relation of tenant and landlord existed between the parties. The rule is, as to the tenant, his servant, guest or others entering under his title, in the absence of a covenant to repair, or keep in repair, that the landlord is only liable for injuries resulting from latent defects, known to him at the time of the leasing, and which he concealed from the tenant. Uhlig v. Moore, 265 Ala. 646, 93 So.2d 490, and cases there cited.

■ It is the law that where the lessor, under no duty to repair, voluntarily undertakes so to do, he is liable for injuries proximately caused by negligence in so making repairs as to render the premises dangerous to life or limb of those rightfully occupying the premises. Faucett v. Provident Mut. Life Ins. Co. of Philadelphia, 244 Ala. 308, 13 So.2d 182, and cases cited.

■ It is also true, where the landlord voluntarily or gratuitously undertakes to make repairs upon the building demised, he is liable to the tenant for injuries resulting from negligence of himself or servant in making such repairs; but, if the repairs are made inefficiently, and not negligently, by himself or servant, he is not liable for injuries resulting to the tenant. Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So.

362; Spangler v. Hobson, 212 Ala. 105, 101 So. 828.

The tendencies of the evidence show that appellee and her mother were tenants in the Nelright Apartments in Birmingham, owned by appellant. On June 29, 1959, appellee, after taking a bath, attempted to turn off water dripping in the bathtub, and while so doing, the porcelain on the right faucet handle broke and cut her hand and finger. Approximately one month prior to this occurrence Emerson Brock, a janitor, repaired or attempted to repair this faucet.

Appellee's maid was present when appellee's mother told Brock that the handle of the faucet was loose and that water was running into the tub. Appellee called Brock's attention to the loose porcelain part of the handle and to the leaking faucet. She told him that "it turned at the handle and the porcelain cap was loose at the connection." Brock worked on the faucet, installed a new washer and the handle was tightened to some extent, although water continued to drip, and the porcelain handle "still shook some." Brock told appellee he "had done the best and could not fix it" and that he would "tell Mr. Hawkins (his superior) about it." Brock had worked as a maintenance man for some ten years in several apartments, including the Nelright Apartments. He also took out garbage in Nelright Apartments, and did "small work" around the apartments.

The four witnesses called to testify were appellee's maid, appellee's physician, appellee and Brock, the latter the only witness for appellant.

■ The main conflicts in the evidence were Brock's denials that he was told the handle was loose; that he had said that he had done the best he could and that he would tell his superior about it; and that the porcelain on the handle was loose. These conflicts made up an issue of fact for the jury.

"The rule in Alabama is that in civil cases 'the question must go to the jury

if the evidence or the reasonable inferences arising therefrom furnish "a mere 'gleam,' 'glimmer,' 'spark,' 'the least particle,' the 'smallest trace'—'a scintilla'" in support of the theory.' Alabama Great Southern Railroad Company v. Bishop, 265 Ala. 118, 123, 89 So.2d 738, 743, 64 A.L.R.2d 190.

"And we have said that, 'in considering the propriety of the affirmative charge, we review the tendencies of the evidence most favorable to plaintiff, regardless of any view we may have as to the weight of evidence; and must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable.' Duke v. Gaines, 224 Ala. 519, 521, 140 So. 600, 601." Chesser v. Williams, 268 Ala. 57, 104 So.2d 918, 920.

■ Here, there was evidence that the handle and the porcelain were specifically pointed out as being defective, and appellant's maintenance man undertook to make repairs and later admitted that he had attempted to make the repairs and that he had not successfully completed the job. This, together with the manner in which appellee was injured, made a question for the jury and appellant was not entitled to the affirmative charge either with, or without, hypothesis.

■ Assignment of error 6 deals with the refusal of the court to give written charge 29, requested by appellant, which reads:

"Gentlemen of the Jury, I charge you that if you are reasonably satisfied from all the evidence in this case that the repair work done on the hydrant was done by an independent contractor to the defendant, then you cannot find for the plaintiff and against the defendant under Count One of the Complaint."

It suffices to say that there was no evidence as to the existence of the basic factors on which the status of an independent contractor could be established. See Dortch Baking Co. v. Schoel, 239 Ala. 266, 194 So. 807 [2]. The mere fact that Brock testified that he worked as maintenance man for Marbury Real Estate Company and did maintenance work in apartments handled by that Company, including "doing such maintenance work at the Nelright Apartments" does not support the giving of a charge that he was an independent contractor.

Assignment of error 5 charges error in the refusal of the trial court to grant the motion for a new trial. It is argued that the judgment was contrary to the great weight and preponderance of the evidence.

■ Verdicts are presumed to be correct and no ground of a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence; and when the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Mobile City Lines Inc. v. Hardy, 264 Ala. 247, 86 So.2d 393. A verdict is not to be set aside merely because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Tallapoosa County v. Holley, 268 Ala. 67, 104 So.2d 834. Where there is evidence which, if believed, justified the verdict, the motion for a new trial is properly overruled. Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725.

The judgment is affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.