FAULKNER, Justice.
This is an appeal from an order holding that a lessee was not entitled to recover from a lessor for damages caused by a roof collapse under a latent defect theory. We affirm.
On July 23, 1969, James & Son, Inc. (lessee) leased a commercial building from J. G. Breedlove and Joseph M. Breedlove (lessor) for five years. The lease contained no clause exempting lessor from liability for injury to lessee’s property due to defects in the premises but did place a duty on lessor to restore the premises if damaged by storm, fire or other casualty and a duty on lessee to keep the premises in good repair. Lessee sued lessor in the Circuit Court of Covington County, claiming $50,000 damages to lessee’s dry-goods business, resulting from the collapse of the roof on August 1, 1973. Lessee claimed that lessor knowingly falsely represented to lessee that the building was safe. Six weeks after the case was taken under advisement, lessee amended the complaint to claim that lessor had knowledge of latent defects not discoverable by lessee’s reasonable inspection and concealed from lessee. The trial court found for lessor, stating that the law is “that before a tenant can recover damages from a landlord resulting from latent defects in the premises, that the defects had to exist at the time of the letting of the premises and the landlord knew of them and concealed them from the tenant and that the law of negligence relative to duty to inspect does not apply.”
We opine that the trial court correctly stated the law as to recovery of damages resulting from latent defects. See Chambers v. Buettner, 295 Ala. 8, 321 So.2d 650 (1975). Moreover, when the trial court hears evidence ore tenus, its conclusion is, like that of a jury, not to be disturbed unless plainly erroneous. Ford v. Washington, 288 Ala. 194, 259 So.2d 226 (1972). There was sufficient evidence to support the order. We find no reversible error. Frank v. Johnson, 261 Ala. 642, 75 So.2d 153 (1954).
AFFIRMED.
MADDOX, SHORES, EMBRY and BEATTY, JJ., concur.