The two cases involved in this appeal were consolidated by stipulation because they involve identical injuries and parties. The cases were filed by Fredrick W. Dunson, individually and as father and next friend of his two minor daughters, against Friedlander Realty, a corporation, fictitious individuals designated John Doe I through John Doe V and fictitious parties designated X Company and Y Company.
Each complaint contains five separate claims for relief against the various defendants. In all counts, plaintiffs, while tenants of rental property located at 815 South Broad Street, Mobile, Alabama, sustained injuries when they consumed lead-based paint chips.
Count One alleges a landlord-tenant relationship between plaintiffs and defendants, Friedlander Realty, John Doe I-III, and alleges that these defendants were liable to the plaintiffs for injuries resulting to them from a hazardous, unsafe and dangerous defect in the premises, namely lead-based paint, which defect was known to these defendants at the time of the leasing and which they concealed from the plaintiffs.
Count Two alleges that the same defendants were aware of the defect; and they entered into a covenant to repair and remedy this condition but breached the agreement causing injuries to the minor children.
Count Three alleges that the same defendants knew of the presence of the lead-based paint and voluntarily undertook, through their agents or servants, to repair or correct the defect by employing John Doe IV and V ". . . to scrape and paint said dwelling . . . and they negligently failed to remove the scrapings containing lead paint from the premises."
Count Four attempts to state a claim against fictitious parties, X and Y Companies, for breach of warranties, express and implied. Such parties are alleged to be ". . . in the business of manufacturing, testing and/or selling paint. . . ." *Page 794 
and that they warranted the paint purchase by defendants, John Doe IV and V, for painting the dwelling to be fit for ordinary purposes; that this warranty was breached because ". . . it failed to keep contact with certain paint on said dwelling that contained lead and further, that said paint failed to seal properly the paint on said dwelling that contained lead. . . ." and "Plaintiff and his minor daughter[s] relied upon the skill and judgment of the said Defendants to select and furnish a suitable paint to seal the lead paint on said dwelling and to stop the chipping or peeling of the lead paint from said dwelling . . ."
Count Five simply incorporates the other four and seeks damages for medical expenses and loss of services of his minor children.
Both children are alleged to have lived in the house involved since their respective births, which means that the premises were rented by their father before the birth of either child.
Defendant Friedlander Realty filed a motion under ARCP 12 (b)(6) to dismiss each of the complaints on the ground that it failed to state a claim against this defendant upon which relief can be granted. The trial court entered judgment in compliance with ARCP 54 (b) and plaintiff appealed.
The only issue presented is whether the complaint states a claim upon which relief may be granted as to Friedlander Realty inasmuch as the judgment appealed from adjudicates only the claims asserted against it. Because that is so, we do not address the validity of the breach of warranty claim against the manufacturer or seller of the paint used to paint the dwelling.
We hold that Count One was properly dismissed. The general rule is that a landlord is not liable in tort for injuries suffered by a tenant, whether there be a covenant to repair or not unless the defect existed at the time of the letting and was known to him and which he concealed from the tenant. Bevisv. L L Services, 360 So.2d 296 (Ala. 1978); James Sons,Inc. v. Breedlove, 347 So.2d 1330 (Ala. 1977); Chambers v.Buettner, 295 Ala. 8, 321 So.2d 650 (1975); Hallock v. Smith,207 Ala. 567, 93 So. 588 (1922). The allegations of Count One are that the existence of lead paint on the premises constituted a defect under the general rule; and that the defendant is liable because it concealed the defect. Restatement of the Law, Torts 2d, § 358 (1965), states the rule as follows:
"Undisclosed Dangerous Conditions Known to Lessor
 "(1) A lessor of land who conceals or fails to disclose to his lessee any condition, whether natural or artificial, which involves unreasonable risk of physical harm to persons on the land, is subject to liability to the lessee and others upon the land with the consent of the lessee or his sublessee for physical harm caused by the condition after the lessee has taken possession, if
 "(a) the lessee does not know or have reason to know of the condition or the risk involved, and
 "(b) the lessor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to expect that the lessee will not discover the condition or realize the risk."
Under the allegations of this count, should the landlord (even if it knew the lead-based paint was on the walls) have realized the risk involved or, to state the question in traditional tort language, was it reasonably foreseeable that the dangerous paint would chip and fall from the walls and be ingested by children? A landlord is expected to foresee only those dangers as would be foreseen by a reasonably prudent man under the same or similar circumstances. See W. Prosser, TheLaw of Torts, § 63, page 401 (4th ed. 1971); F. Harper James,The Law of Torts, § 27.16, pages 1508-9 (1956).
Lead-based paint was commonly used in buildings constructed prior to World War II. Only in recent years has the danger connected with chipping lead-based paint been appreciated. See: Legislative History of the Lead-Based Paint Poisoning *Page 795 
Prevention Act, Pub.L. No. 91-695, 91st Congress, 2d Sess. (1970), 3 U.S. Code, Cong. Admin. News, p. 6130, et seq. That act was passed by the Congress to provide federal assistance to aid cities and communities to carry out programs to eliminate the cause of the disease.
We think it unreasonable to expect a landlord to foresee that children would eat and be injured by this substance. According to testimony presented to the Congress during its deliberation of the act mentioned above, a condition known as Pica (defined as a craving for and eating of unnatural substances such as chalk, ashes, bones, etc. generally occurring in instances of nutritional deficiency) generally accounts for lead poisoning. Under the allegations of this count, we hold that it was not reasonably foreseeable that these children would be injured by the paint on the premises rented to their father.
Under the law, a landlord is not an insurer of the safety of the premises. The law does not impose such a high duty. However, one can undertake a duty higher than that which the law imposes. By Counts Two and Three, the plaintiff alleges that Friedlander did just that. Count Two alleges that it covenanted and agreed to eliminate the hazardous condition and breached the agreement; Count Three alleges that, with knowledge of the hazardous condition, Friedlander voluntarily undertook to remedy the defect.
These are claims upon which relief may be granted if the plaintiff can prove the allegations. The burden of proof, of course, is upon the plaintiff to prove the existence of a contract and he must establish, by the evidence, the terms of the agreement. Madison Highlands Development Co. v. Hall,283 Ala. 333, 216 So.2d 724 (1968). If he can show that the defendant agreed to eliminate the offending substance from the premises and breached that agreement, he can recover damages for breach of that agreement.
Friedlander says this count states no claim upon which relief can be granted because it fails to aver that the alleged contract was supported by consideration. It is alleged that the premises were rented on a month-to-month basis. It is also alleged that the tenant threatened to terminate the rental contract because of the hazardous condition; and that Friedlander then promised and agreed to remedy the dangerous defect or condition. In Adler v. Miller, 218 Ala. 674, 677,120 So. 153, 154 (1928), this court said:
 "As applied to the relation of landlord and tenant and liability for injury to the latter from defects in the premises, where there was an express agreement to repair, the case of Hart v. Coleman, 201 Ala. 345, 78 So. 201, L.R.A. 1918E, 213, declares the rule of this court. In that case the holding was that, where the promise of a landlord to a tenant by the month to repair the porch was under the latter's threat to move unless such repairs were made, such promise was founded on a sufficient consideration; and the landlord, being notified or observing that the floor of considerable height was rotten in front of the door, failed after such promise to repair, and the tenant receiving injury by a fall through such insufficient and unsafe flooring was permitted to recover damages in an action ex contractu. . . ."
It is equally well-settled that:
 ". . . where the lessor, under no duty to repair, voluntarily undertakes so to do, he is liable for injuries proximately caused by negligence in so making repairs as to render the premises dangerous to life or limb of those rightfully occupying the premises. . . ." Faucett v. Provident Mut. Life Ins. Co. of Philadelphia, 244 Ala. 308, 312, 13 So.2d 182, 186 (1943).
This is the theory of the plaintiff's claim under Count Three.
We hold that the trial court erred in granting Friedlander's motion to dismiss Counts Two, Three and Five where applicable. Count One was properly dismissed. We express no opinion as to Count Four, it not being before us on this appeal from an ARCP 54 (b) judgment. In so holding, we *Page 796 
restate that, as against a motion to dismiss under ARCP 12 (b)(6), the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. Wright Miller, Federal Practice and Procedure: Civil § 1357.
It is never proper to dismiss a complaint if it contains even a generalized statement of facts which will support a claim for relief under ARCP 8.
The Supreme Court of the United States in Conley v. Gibson,355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), stated the rule which we follow:
 ". . . In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . ."
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TORBERT, C.J., and MADDOX and JONES, JJ., concur.
BEATTY, J., concurs in result.