Plaintiffs appeal from the granting of an amended motion for summary judgment in favor of defendant Donald Vincent, in accordance with Rule 54 (b) A.R.C.P. We affirm.
Plaintiff Eddie Sanders was allegedly injured on September 2, 1973, in the scope of his employment at Ellison's Standard Oil Service Station and Car Wash in Hueytown. On August 30, 1974, Sanders filed suit against Mike Ellison and, under the fictitious party provisions of Rule 9 (h) ARCP, against X and Y, the owner and operator of the car wash, A, B, and C, an entity for whose benefit the work was being done, and L, M, and N, an entity responsible for the care, condition, or state of the area in which Sanders worked. On June 16, 1977, Sanders was allowed to substitute Donald Vincent, Ellison's lessor, and others as defendants.
On November 30, Vincent filed an amended Motion for Summary Judgment asserting as grounds (1) the improper use of Rule 9 (h) to add Vincent as a defendant and (2) a "failure to state a cause of action" against Vincent. The trial court granted the motion without specifying which ground it based its judgment on.
Sanders' complaint contained the following allegations:
 "1. On or about September 2, 1973, the plaintiff was working in the scope and line of duty of his employer, defendant, in the City of Hueytown, Jefferson *Page 944 
County, Alabama, 914 Warrior Road, plaintiff was injured, at said time and place the defendants were in charge or control.
[Paragraph 2 details Sanders' injuries.]
 "3. Plaintiff avers that as a proximate consequence of said negligence of defendants the plaintiff was injured and damaged as hereinabove set forth in paragraph 2.
 "4. Plaintiff avers that on said occasion in charge or control of the working area defendants wantonly injured the plaintiff, and as a proximate consequence of said wanton conduct of defendants the plaintiff was injured and damaged as hereinabove set forth in paragraph 2."
An affidavit and answers to interrogatories accompanying Vincent's motion indicated that Vincent's only connection with the car wash or Sanders at the time of Sanders' injuries was as the lessor of Sanders' employer, Ellison, and as either the lessor or most-recent vendor of the used car wash equipment which was apparently involved in Sanders' injuries. Vincent is not in the business of selling this sort of equipment. Consequently, in order to recover against Vincent, Sanders must prove a violation of some duty resulting from the landlord/tenant relationship.
Assuming arguendo that Sanders' complaint sufficiently alleges a claim upon which relief can be granted, it is apparent that, based upon Vincent's uncontroverted. affidavit and answers to interrogatories, Vincent is entitled to judgment as a matter of law. Vincent's affidavit specifically states, "[T]here was no agreement requiring me to repair or maintain the equipment sold to Mike Ellison . . . The equipment was sold to him `as is' and it was his responsibility to maintain it." Sanders has not disputed this.
The rule in Alabama is:
 "[A]s to the tenant, his servant, guest or others entering under his title, in the absence of a covenant to repair, . . . the landlord is only liable for injuries resulting from latent defects, known to him at the time of the leasing, and which he concealed from the tenant." Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453 (1959).
See also Osborn v. Brown, 361 So.2d 82 (Ala. 1978); Chambers v.Buettner, 295 Ala. 8, 321 So.2d 650 (1975); Uhlig v. Moore,265 Ala. 646, 93 So.2d 490 (1957). In this regard Vincent's uncontroverted affidavit states, "I was not aware of any latent defect or any other defect in the equipment sold [or leased] to [Ellison]." Vincent's answers to interrogatories added, "[T]he equipment was in the same condition when sold to Ellison as it was when I purchased it from Magic Tunnel Car Wash Corporation [3 months before]." Since Sanders did not, on the motion for summary judgment, deny any of these assertions, Vincent was entitled to prevail as a matter of law and the summary judgment was properly granted.
Vincent has also asserted that he was not properly added to the case through the use of Rule 9 (h). Since we find that Vincent was entitled to summary judgment on the merits we do not reach this contention.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.