HALL, Judge.
Lenwood Pattmon appeals the final order denying his motion for the return of personal property. We affirm.
Appellant is currently serving a life sentence in state prison for robbery. In April 1981 he wrote to the sheriffs office to inquire into the whereabouts of $960 which was taken from his home during a search but not used as evidence at his trial. The sheriffs department responded by letter dated April 20, 1981, that the money had been transferred from the property room of the sheriffs office to the clerk of the circuit court on May 8, 1980.
On April 29, 1986, five years after his correspondence with the sheriffs department, appellant filed a motion for the return of his personal property. The motion was denied by the trial court.
On appeal appellant claims that he was denied due process since he was deprived of property without legal representation or the opportunity to be present at the hearing.
The trial court was correct in denying appellant’s motion since there was no showing that appellant had first followed the proper procedure under chapter 116, Florida Statutes, in making a claim with the clerk of the court to collect the money. Appellant simply chose the wrong avenue to pursue his claim.
We do not rule on the timeliness of appellant’s claim, as this issue is not properly before us; however, we note that Section 116.23(2), Florida Statutes (1985), provides that all personal property which has not been claimed or disposed of under chapter 116 and has been in the custody of the clerk of the court for seven years or more shall be subject to forfeiture.
Affirmed.
CAMPBELL, A.C.J., and THREADGILL, J., concur.