This is an appeal by plaintiff from summary judgment granted to all defendants in a personal injury action.
Margaret A. Allen fell while attempting to gain entry into a 40-foot storage trailer. The trailer was leased to Wal-Mart, Ms. Allen's employer, by defendant Madison Mobile Storage, Inc. ("Madison"), and was parked outside Wal-Mart Store No. 712. Ms. Allen was assistant manager of Store No. 712. The trailer was used to store merchandise for a sidewalk sale. In the process of setting up the sidewalk sale, Ms. Allen attempted to enter the rear of the trailer to help a stockman who was in the trailer locating merchandise. There were no steps or ladder providing access to the trailer, and Ms. Allen could not step up into the trailer. She grasped a chain (placed on the trailer door by Wal-Mart for security purposes) to help hoist or steady herself as she attempted to climb into the trailer. The chain came loose from the door handle and Ms. Allen fell to the parking lot and sustained personal injuries. The defendants were Madison, the lessor of the trailer; Alexsis Risk Management Service; and certain co-employees of Ms. Allen at Wal-Mart, including Max Knotts, manager of Store No. 712; Fred W. Whitmer, district manager in charge of operations; and Bill Adams, regional vice-president of operations.
The trial court did not err in granting Madison's motion for summary judgment.
Wal-Mart leased trailers of standard manufacture from Madison to be used as storage trailers at the Wal-Mart store in Scottsboro, Alabama. One of these was the trailer from which Ms. Allen fell. After the delivery of the trailers by Madison to Wal-Mart, Wal-Mart had total control over when, where, and how the trailers would be loaded and unloaded. Madison did not contract to provide Wal-Mart with loading and unloading equipment or services and did not provide such equipment or services.
It is not necessary for us to decide whether there would be any initial legal liability on the owner of a trailer for failing to provide special steps or a ladder to provide safe access into the trailer. Madison was the lessor of the trailer. The trailer was not in Madison's custody or control at the time of the accident. As to the lessee or the lessee's servant or guest, in the absence of a covenant to repair the defect causing the injury, the lessor is liable only for injuries resulting from latent defects known to the lessor at the time of the leasing and which the lessor concealed from the tenant. Alabama Power Co. v. Dunaway,502 So.2d 726 (Ala. 1987); Collier v. Duprel, 480 So.2d 1196
(Ala. 1985); Beck v. Olin Co., 437 So.2d 1236 (Ala. 1983); Sanders v. Vincent, 367 So.2d 943 (Ala. 1978). Ms. Allen was familiar with the trailer from which she fell; she had entered and exited the trailer on prior occasions; and she knew that there were no steps or ladder on which to enter the trailer. If this was a defect, it was not a latent defect. Therefore, Ms. Allen cannot recover from Wal-Mart's lessor, Madison, for personal injuries that she sustained in her fall while trying to enter the trailer, by authority of Alabama Power Co. v. Dunaway, supra;Collier v. Duprel, supra; Beck v. Olin Co., supra; Sanders v. Vincent, supra.
The trial court erred in granting the motion of Alexsis Risk Management Service for summary judgment prior to Alexsis's answering the interrogatories propounded to it by Ms. Allen, which Alexsis had been directed to answer.Noble v. McManus, 504 So.2d 248 (Ala. 1987),Water View Developments, Inc. v. Eureka, Inc.,512 So.2d 916 (Ala. 1987). *Page 957 
The co-employees of Ms. Allen argue in their brief the affirmative defense of contributory negligence; however, this affirmative defense has not been raised by appropriate pleading. These defendants filed a Rule 12(b)(6), Ala.R.Civ.P., motion, which was denied, and they were given 10 days from December 13, 1985, to file an answer. No answer was filed, but over a year later, January 2, 1987, they filed the following motion for summary judgment:
 "Defendants, separately and severally, move the Court to enter, pursuant to Rule 56 of the Alabama Rules of Civil Procedure, a summary judgment in the defendants' favor dismissing the action on the grounds that there is no genuine issue of a material fact and that defendants are entitled to a judgment as a matter of law.
 "This motion is based upon the pleadings and the deposition of Margaret A. Allen."
No memorandum in support of the motion appears in the record. It does appear from the record that copies of several cases were mailed by defendants' counsel to the trial judge and counsel for the plaintiff. Those cases deal with various factual situations in which this Court discussed contributory negligence.
An affirmative defense can be raised in a motion for summary judgment prior to filing an answer, Rule 56(b), Ala.R.Civ.P.; Wallace v. Ala. Ass'n of Classified SchoolEmployees, 463 So.2d 135 (Ala. 1984); and extensive factual allegations of contributory negligence need not be set out. Brown v. Billy Marlar Chevrolet, Inc.,381 So.2d 191 (Ala. 1980). However, the co-employee defendants in this case failed to properly raise the defense. The motion did not refer to the affirmative defense of contributory negligence. No memorandum in support of the motion appears in the record, nor does the record indicate that a hearing was held on the matter. Even though extensive factual allegations of contributory negligence are not required, we cannot sanction the procedure by which the co-employee defendants contend they raised the contributory negligence defense in this case (i.e., by mailing copies of cases). Our Rules of Civil Procedure, as liberal as their pleading requirements may be, simply do not contemplate such a procedure.
A motion for summary judgment must not be granted unless the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. Because the co-employee defendants have failed to show that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law, the summary judgment in their favor should not have been granted.
We affirm as to Madison, and reverse and remand as to Alexsis Risk Management Service and the co-employee defendants, Knotts, Whitmer, and Adams.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.