544 So.2d 143 (1988)
Martha A. PUGH and Clemmie Lee Pugh
v.
SOUTHERN LIFE AND HEALTH INSURANCE COMPANY and Donnie L. Berry.
87-130.
Supreme Court of Alabama.
August 12, 1988.
Rehearing Granted May 19, 1989.
John B. Crawley of Crawley & Jarrell, and Thad Yancey, Jr., Troy, for appellants.
John B. Givhan of Albrittons, Givhan & Clifton, Andalusia, for appellees.
Kenneth E. Little, Senior Vice President & Gen. Counsel, Birmingham, for Southern Life and Health Ins. Co. (on rehearing).
Ollie L. Blan, Jr. of Spain, Gillon, Tate, Grooms & Blan, Birmingham, for amicus curiae Ass'n of Alabama Life Insurance Companies (on rehearing).
ADAMS, Justice.
The plaintiffs, Martha A. Pugh and Clemmie Lee Pugh,[1] sued Southern Life and Health Insurance Company ("Southern") and its agent Donnie Berry, alleging fraud after Southern refused to pay their insurance claim. Plaintiffs appeal from a summary judgment for the defendants. We reverse and remand.
On June 6, 1983, Southern sold a life insurance policy to Mrs. Pugh through its agent, Donnie Berry. Mrs. Pugh was the beneficiary of the policy. The Pughs' daughter, Martha Mae Pugh, age 32, was the insured. Six months later, on December 12, 1983, Martha Mae Pugh died. Mrs. Pugh made a claim for the proceeds of the policy, but Southern refused payment, maintaining that Martha was not in sound health at the issuance of the policy.[2] Southern further maintained that Mrs. Pugh had falsely represented the state of Martha's health on the insurance application; she denies this, contending that the signature on the insurance application is not hers. She maintains that Berry did not ask about Martha's health.
The Pughs make two arguments:
1. That the trial court erred in granting summary judgment while a motion to compel was pending.
2. That summary judgment was improper because there existed a genuine issue of material fact in regard to the fraud claim.
Because we conclude that the trial court abused its discretion in granting summary judgment before the plaintiffs had completed their discovery, we do not reach the second issue.
When a movant presents evidence to the trial court showing an absence of genuine issues of material fact, it becomes incumbent *144 upon the other party to present at least a scintilla of evidence that creates a genuine issue. Hutchins v. State Farm Mut. Auto. Ins. Co., 436 So.2d 819 (Ala. 1983). "If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e) A.R.Civ.P. The Pughs have alleged fraud concerning the performance of a future act. To recover on a fraud claim, the plaintiff must show that the defendant (1) made a misrepresentation (2) concerning a material fact (3) that the plaintiff relied upon, and that (4) the plaintiff suffered damage that proximately resulted from that misrepresentation. See Fountain-Lowrey Enterprises, Inc. v. Williams, 424 So.2d 581 (Ala.1982). Additionally, when the alleged misrepresentation concerns a future act, as this one does, the plaintiff has two additional things to prove: (1) that at the time the misrepresentation was made the offending party intended not to perform the promised act and (2) an intent to deceive. Coastal Concrete Co. v. Patterson, 503 So.2d 824 (Ala.1987), Clanton v. Bains Oil Co., 417 So.2d 149 (Ala.1982).
The trial court's grant of summary judgment at the discovery stage was tantamount to denying the Pughs' motion to compel. The dispositive inquiry thus becomes whether the matters sought by the Pughs were discoverable (we are concerned particularly with questions 9-12 of the interrogatories served on Southern[3]).
Discovery is governed by Rule 26, A.R. Civ.P., which, in section (a), provides:
Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise under subdivision (c) of this rule, the frequency of use of these methods is not limited.
It becomes clear from the permissive language of Rule 26, A.R.Civ.P., that discovery is by and large discretionary with the trial court. This discretion, however, is not unbridled; it must be exercised so as to *145 protect the legitimately protectable interests of the parties. Therefore, a reversal is warranted where there is an abuse of discretion. Ex parte Old Mountain Properties, Ltd., 415 So.2d 1048 (Ala.1982), cert. denied, Old Mountain Properties, Ltd. v. April Investments, Inc., 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982).
It is well settled in this state that evidence of prior similar acts is admissible to show fraud, scheme, motive, or intent. Sessions Co. v. Turner, 493 So.2d 1387 (Ala.1986); see also Roan v. Smith, 272 Ala. 538, 133 So.2d 224 (1961); Davis v. Davis, 474 So.2d 654 (Ala.1985); and McElroy's Alabama Evidence, § 70.03(1) (3d ed. 1977). Also, where fraud is alleged, we allow a wider latitude in the discovery of evidence. Mid-State Homes, Inc. v. Johnson, 294 Ala. 59, 63, 311 So.2d 312 (1975). Finally, in National States Ins. Co. v. Jones, 393 So.2d 1361 (Ala.1980), this Court held that evidence of an insurer's loss ratio was admissible for the purpose of giving rise to an inference of fraud. Except as to part of question 9(c), the questions sought discoverable information. Therefore, it was error to grant Southern and Berry's motion for summary judgment before Southern had answered them. See Tyler v. City of Enterprise, 512 So.2d 951 (Ala. 1988); Allen v. Knotts, 514 So.2d 955 (Ala. 1987); Noble v. McManus, 504 So.2d 248 (Ala.1987); Waterview Developments, Inc. v. Eureka, Inc., 512 So.2d 916 (Ala.1987). The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.

ON APPLICATION FOR REHEARING
ADAMS, Justice.
In our opinion in this case, we reversed the trial court's judgment because it mistakenly ruled on the defendant's motion for summary judgment prior to completion of discovery by plaintiffs. We further stated that by ruling adversely to plaintiffs on the motion for summary judgment, the trial court, of necessity, had denied plaintiffs' motion to compel answers to interrogatories. We then proceeded to rule that, except for the second half of question 9c, the trial judge should have compelled defendants to answer the interrogatories because the questions sought discoverable information. Of course, we had to address the discovery issue because if the information that plaintiffs sought was not discoverable, then the trial judge may have been right in entering summary judgment, because the plaintiffs would not have had evidence to make out their prima facie case.
However, we probably unduly restricted the trial court's discretion in dealing with discovery matters. We are still of the opinion that the principles set forth in our opinion concerning discovery in this case are correct, but the trial court should have the opportunity to consider the interrogatories in light of these principles. Therefore, our original opinion is hereby modified to the extent that we do not rule on the discovery issue and the trial court is authorized to consider the discovery issue in light of the principles set forth.
APPLICATION GRANTED; OPINION EXTENDED.
JONES, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
HORNSBY, C.J., recused.
NOTES
[1] Although Clemmie Lee Pugh is named as a plaintiff, it does not appear that he has a cause of action.
[2] The record indicates that Martha Mae Pugh had a long history of health problems. She was also severely mentally retarded.
[3] The Pughs' pending motion sought to compel answers for the following questions:

"9. (a) For each of the last five (5) years, state the number of claims arising under coverages provided by Southern Life and Health Insurance Company in the state of Alabama which you have refused to pay or settle.
"(b) For each of the last five (5) years state the number of complaints which have been filed against Southern Life and Health Insurance Company with the Insurance Department of Alabama.
"(c) For each of the last five (5) years state the number of lawsuits which have been filed against Southern Life and Health Insurance Company or against any insured of Southern Life and Health Insurance Company. [Regarding the second half of this question, we do not understand how the number of lawsuits filed against Southern's insured could be relevant to the plaintiff's claim or why Southern would be expected to know the number of such claims.]
"10. Produce a copy of all correspondence between Southern Life and Health Insurance Company and the Insurance Department for the state of Alabama and any other State Insurance Department in which Southern Life and Health Insurance Company does business concerning any complaints or lawsuits or concerning claims which have been refused or resisted by a policy holder, insureds or assignees. [sicThe question was probably intended to refer to claims resisted by the company.]
"11. For each claim resisted by Southern Life and Health Insurance Company during the last five (5) years on the basis of `Not in sound health at issue' state the following:
"(a) The number of such denials for each calendar year.
"(b) The amount claimed for each such claim resisted.
"(c) The specific reason of each such denial.
"(d) Please attach to your answers a copy of Schedule F from your annual statement for each such year.
"12. (a) Please define and explain the term `Loss Ratio.'
"(b) Explain the method used by Southern Life and Health Insurance Company to compute its loss ratio.
"(c) What was the loss ratio of Southern Life and Health Insurance Company for each calendar year for each of the past five years?
"(d) State the loss ratio of Southern Life and Health Insurance Company for the state of Alabama for each of the last five (5) years.
"(e) Attach to your answers a copy of the schedule from your annual statement which contains the information or summary of information used in computing the loss ratio for Southern Life and Health Insurance Company."