ALMON, Justice.
This is a premises liability case involving the duty of care owed by a landlord to an insurance agent coming onto leased property to collect an insurance premium from the tenant.
The plaintiff, Hebert, upon exiting his automobile, slipped and fell after stepping on a piece of concrete or street composition material. The material was in the area where the driveway of the leased property joined the public street. The tenant, Ms. Polk, had leased the premises from the defendant, Greene County Housing Authority (“Housing Authority”). The trial court entered a summary judgment for the Housing Authority.
“Alabama’s longstanding rule on landlord liability is concisely stated in Sanders v. Vincent, 367 So.2d 943 (Ala.1978), where an action was brought by a car wash employee for injuries sustained on premises which the landlord had rented to the plaintiffs employer. We wrote: “ ‘The rule in Alabama is:
“ ‘ “[A]s to the tenant, his servant, guest or others entering under his title, in the absence of a covenant to repair, ... the landlord is only liable for injuries resulting from latent defects, known to him at the time of the leasing, and which he concealed from the tenant," Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453 (1959).’ ...”
Alabama Power Co. v. Dunaway, 502 So.2d 726, 728 (Ala.1987). (Emphasis added in Dunaway.)
The lease is not in evidence, and the deposition testimony that driveway maintenance was the responsibility of the tenant was uncontroverted. Because the driveway was part of the leased premises and was not for the use of any tenant other than Ms. Polk, it was not a “common area” like that discussed in Hancock v. Alabama Home Mortgage Co., 372 So.2d 858 (Ala.1979).
Therefore, the summary judgment for the defendant Housing.Authority was correct, and it is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.