ADAMS, Justice.
On February 19, 1991, Timothy Garner was attending a birthday party at the residence of defendants Randy and Kathy Kil-patrick. The residence was owned by Austin Pugh, also a defendant. Pugh had purchased the house three years earlier, intending to renovate it and eventually sell it. A concrete wall, dividing the backyard from the driveway, had been installed as a part of the renovation project. After the renovations, Carol Kilpatrick, an employee of Pugh and the mother of Randy Kilpa-trick, lived with her family in the house rent-free in exchange for a reduction in her wages, until she moved out. Pugh later put the house on the market and allowed Randy and Kathy Kilpatrick to move back into the house pursuant to an oral lease agreement in which they agreed to maintain the premises in exchange for housing.
While attending the party, Timothy, his brother, and Randy and Kathy Kilpatrick’s children played ball in the driveway. The ball was kicked into a tree, and in an effort to retrieve the ball Timothy climbed onto the concrete wall. The wall collapsed and Timothy sustained serious injuries.
*1323 Timothy Garner, by and through his mother and next friend, Phyllis Garner, and Phyllis Garner individually, sued Pugh and Randy and Kathy Kilpatrick, seeking compensatory and punitive damages and reimbursement of medical expenses for, inter alia:
“a. negligently failing to maintain the subject premises in a reasonable safe condition;
“b. negligently maintaining the subject premises;
“c. negligently failing to eliminate a potential hazard on the premises when the defendants knew, or in the exercise of reasonable care should have known, that the hazard existed;
“d. negligently failing to warn the plaintiff of an unreasonably safe condition which existed on the subject premises.”
The trial court entered a summary judgment for Pugh, without stating its grounds. The trial court made that judgment final pursuant to Rule 54(b), Ala. R.Civ.P., and granted Pugh’s motion to stay the trial against Randy and Kathy Kilpatrick pending the outcome of this appeal.
We have carefully studied the record in this case, and we conclude that Pugh’s summary judgment is due to be affirmed on the authority of Johnson v. Passmore, 581 So.2d 830 (Ala.1991); Hebert v. Greene County Housing Authority, 558 So.2d 926 (Ala.1990); and Sanders v. Vincent, 367 So.2d 943 (Ala.1978).
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.