ALMON, Justice.
Russell Rowland petitions this Court for a writ of mandamus directing the Circuit Court of Houston County to permit certain discovery. The issue is whether the court abused its discretion in limiting discovery.
On September 27, 1994, Mr. Rowland brought an action against Bondy’s Ford, Inc., and Bondy’s agent, Skip Jackson, for damages for breach of contract, breach of express warranty, fraudulent misrepresentation, reckless misrepresentation, and suppression. Mr. Rowland alleged that the defendants had fraudulently induced him to purchase an automobile by misrepresenting to him that the vehicle had a 4.0 litre high-output six cylinder engine; the engine was actually a 2.3 litre four cylinder engine.
Mr. Rowland’s first set of interrogatories accompanied the complaint. Interrogatory number 26 reads:
“Please state whether or not Defendant, Bondy’s Ford, Inc. has ever been sued for fraud or misrepresentation. If so, please state the date the lawsuits were filed and the Plaintiff in each action.”
The defendants responded to this interrogatory, stating:
“Defendants object to this interrogatory on the grounds that it seeks information which is not relevant, material, nor likely to lead to the discovery of admissible evidence. Defendant would further object to same on grounds that said interrogatory is overbroad and vague.”
Rowland filed a motion to compel the defendants to answer the interrogatory, and the circuit court conducted a hearing on the motion. The circuit court entered an order granting Rowland’s motion in part and denying it in part. The order states:
“The Defendants are Ordered to provide the following information to the Plaintiff:
“1. Dates and names of Plaintiff or Plaintiffs in each instance where Bondy’s Ford has been sued in the last ten (10) years for fraud or misrepresentation, specifically in regards to misrepresenting the engine size of a vehicle.
“Any Discovery beyond this would be overly broad and not relevant to the issues in the case.”
Rowland contends that the requested discovery may lead to the discovery of admissible evidence relating to a pattern or practice of intentional wrongful conduct on the part of the defendants. Rowland argues that discovery should not be limited only to prior misrepresentations of engine size, because a pattern or practice of fraudulent conduct could be established by showing prior misrepresentations regarding such things as damage to a vehicle or the mileage of a vehicle.[1] Essentially, Rowland seeks discovery of all prior allegations of fraud perpetrated by the defendant including, but not limited to, misrepresentations inducing potential customers to purchase vehicles.
The defendants contend that the writ should be denied, arguing that Rowland has not demonstrated any abuse of discretion by the circuit court, because, they say, Rowland could discover this information by a records search at the Houston County Courthouse, and because Bondy’s Ford does not keep these records in the ordinary course of its business.
*127 A mandamus petition is a proper method for determining whether a trial judge has committed an abuse of discretion in limiting discovery. Ex parte Allstate Ins. Co., 401 So.2d 749, 751 (Ala.1981). The Alabama Rules of Civil Procedure were intended to allow for very broad and liberal discovery, within reason. Trial judges have discretion to control discovery and to prevent abuse of the discovery process by the parties. However, arbitrary limits placed on discovery are not within the discretion of the trial judge. The rules envision full discovery, which has the effect of saving time, effort, and money, in an effort to achieve substantial justice. Campbell v. Regal Typewriter Co., 341 So.2d 120, 123-24 (Ala.1976) (citations omitted); see Rule 26(b)(1), Ala.R.Civ.P.
To be entitled to a writ of mandamus compelling a trial judge to permit full discovery, the petitioner must demonstrate that the circuit court clearly abused its discretion. Ex parte Clarke, 582 So.2d 1064, 1067 (Ala.1991). The first step in determining whether the court has abused its discretion is to determine the particularized need for discovery, in light of the nature of the claim. Rowland has alleged fraud in his complaint. Where a plaintiff alleges fraud, discovery must necessarily be broader than it would be in other cases, “in order to meet the heavy burden imposed on one alleging fraud.” Id.
In Clarke, the plaintiff alleged fraud and fraudulent suppression of facts by his insurance company. The plaintiff sought to discover the names and addresses of previous policy holders who might have been subject to similar acts of fraud by the insurance company. Although the circuit court granted the plaintiffs discovery request in part, the order of the court remained “overly restrictive” and “unduly limited,” because it so narrowly circumscribed the discovery process that the plaintiff could not garner any benefit from the discovery. Clarke, supra, at 1066-67. At the outset, the Court stated:
“It is well settled in this state that evidence of prior similar acts is admissible to show fraud, scheme, motive, or intent. Also, where fraud is alleged, we allow a wider latitude in the discovery of evidence.”
Clarke, supra, at 1068 (quoting Pugh v. Southern Life & Health Ins. Co., 544 So.2d 143, 145 (Ala.1988)).
Like the plaintiff in Clarke, Rowland sought discovery of the names of plaintiffs who had brought fraud actions against the defendant in the past. Whether any prior acts of fraud concern engine size, mileage, damage, or other facts is immaterial. What is consequential is that Rowland seeks to learn of prior eases brought against Bondy’s Ford in which plaintiffs have alleged fraud, the most likely occurrence of which would be fraud in the inducement concerning the purchase of vehicles. Thus, some earlier fraud actions need not relate to the specific focus of the fraud Rowland alleges, a fraud relating to engine size, for the discovery regarding earlier actions to be relevant to Rowland’s action. Discovery of similarly situated plaintiffs could very well lead to admissible evidence of scheme, motive, or intent on the part of Bondy’s Ford. Likewise, Rowland’s discovery request is not overly broad, because (1) there is no indication that it would require the defendants to disclose frauds not analogous to that alleged in Rowland’s claim, for example, frauds not concerning the purchase of vehicles, and (2) compliance with it should not be overly burdensome. If Bon-dy’s Ford must search for cases involving misrepresentation of engine size, it would presumably come across all other cases involving misrepresentation, because the former compose a subset of the latter.
Bondy Ford’s argument that Rowland’s discovery request is unnecessary because this information is easily available from the records located at the Houston County Courthouse does not support the circuit court’s limitation on discovery. First, not all of the fraud actions brought against Bondy’s Ford over the past 10 years are sure to have been filed in Houston County. Such actions could have been filed in other Alabama counties and in other states as well. Second, this information is more readily available to Bondy’s Ford, and should, therefore, be provided by the defendant, since one of the purposes of discovery is to save time, *128 money, and effort. See Campbell, supra, at 124. Moreover, in a fraud action the plaintiff is given wider latitude during the discovery process, because of the very nature of the action; in such a case the defendant is usually “the sole possessor of the actual knowledge of ... fraud.” Harris v. M & S Toyota, Inc., 575 So.2d 74, 79 (Ala.1991) (quoting L.W. Johnson & Assoc., Inc. v. Rivers Constr. Co., 532 So.2d 618, 623 (Ala.1988)). Last, difficulty in producing such information because records containing it may not be kept in the ordinary course of Bondy Ford’s business is neither an excuse for failure to produce nor a justification for prohibiting its discovery through ordinary interrogatory requests. Campbell, supra, at 124.
Accordingly, Mr. Rowland should have been allowed the full breadth of his discovery request subject to the 10-year limitation. The petition for writ of mandamus is granted, and the circuit court is directed to set aside its order of April 6, 1995, restricting Rowland’s access to fraud cases involving Bondy’s Ford.
WRIT GRANTED.
HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
MADDOX, J., concurs in the result.

. Rowland does not object to the time limit of 10 years placed on the particular interrogatory.